Goodrich v. Lawson, 183 Wis. 295.

---

GOODRICH, Respondent, vs. LAWSON, Appellant.

*February 14—March 11, 1924.*

*Husband and wife: Alienation of affections: Evidence: Sufficiency.*

In an action for the alienation of the affections of plaintiff's wife, where there was no evidence of any act of impropriety of defendant or any malicious interference between plaintiff and his wife, it was error to deny defendant's motion for a directed verdict in his favor.  p. 297.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

This was an action for wilful alienation of the affections of plaintiff's wife. It was tried before the court and a jury. The jury returned a general verdict in favor of the plaintiff, assessing plaintiff's compensatory damages at $300 and exemplary damages in the sum of $100. Upon such verdict judgment was entered in favor of the plaintiff and defendant appeals.

For the appellant there was a brief by *Morse & Fellenz* of Fond du Lac, and oral argument by *L. J. Fellenz.*

For the respondent there was a brief by *Husting & Husting* of Fond du Lac, and oral argument by *B. A. Husting.*

CROWNHART, J.  The complaint alleges the marriage of plaintiff and his wife, and charges that the defendant, wrongfully intending to injure the plaintiff and deprive him of

the society of his wife, wilfully, wickedly, and maliciously gained the affections of his wife, and sought and persuaded her to leave the plaintiff, and did induce her to commence divorce proceedings against the plaintiff. The answer admits the marriage, but denies generally every other allegation of said complaint.

The plaintiff assigns as errors: denial of defendant's motion for a directed verdict in his favor, and the denial of defendant's motion for judgment notwithstanding the verdict.

It appears that the defendant, *Lawson,* was a farmer, forty-eight years of age, unmarried, who had made his home with his father in the town of. Rosendale, Fond du Lac county. The plaintiff was also a farmer, who had lived near the farm of the defendant from boyhood. He was twenty-seven years of age. Plaintiff's wife, Anna Blackburn by name, before her marriage to the plaintiff was employed by the defendant on his farm.) She began work for the defendant in July, 1914, when she was fourteen years of age. Defendant's mother was then alive but in feeble health, and died in March, 1915. Miss Blackburn continued her employment with the defendant until December 24, 1917, when she and plaintiff were married, and thereupon the plaintiff and his wife took up their residence with the defendant at his home. In July, 1918, the plaintiff entered the service of the United States in the World War, remaining in service until 1919, his wife continuing to live with the defendant and his father during plaintiff's absence in the service. Upon plaintiff's return from service he again took up his residence with his wife at the defendant's home, where they remained until January, 1920, at which time plaintiff went to Berlin to work, staying there until October of that year, his wife remaining at the defendant's home. The plaintiff then returned to defendant's home, where he remained until 1921, when he went to Green Lake to work, his wife remaining at defendant's home. Defendant's father

died on December 15, 1921. Plaintiff returned to the defendant's home to work for defendant in the spring of 1921, and remained there during the summer and winter of 1921 and until the 6th day of September, 1922. On that date plaintiff left defendant's farm, and on the 20th day of September his wife also left. Shortly thereafter she began suit for divorce. In the divorce proceedings the divorce was denied the plaintiff's wife but was granted to the plaintiff on his counterclaim. The testimony sets out in considerable detail the relations of the parties while they were at defendant's home. It appears that during most of the time while plaintiff and his wife lived together they had a good deal of domestic discord. The plaintiff seemed to be jealous of his wife and her relations to the defendant. This seemed to be founded mostly upon suspicion. There were no facts of a malicious nature justifying the claim that defendant sought to alienate the affections of the plaintiff's wife. She had gone to live with defendant and his father and mother when she was fourteen years of age, and continued to live there until after this alleged cause of action. Defendant entertained for her a friendly and fatherly feeling, the evidence indicates. But the evidence shows no single act of impropriety on his part, considering the relations of the two from the beginning; much less does it show any malicious interference between husband and wife. We refrain from setting out the evidence in detail as it will serve no good purpose. Suffice it to say that we are unable to find any evidence in the record justifying a submission of the case to the jury; therefore the trial judge should have granted defendant's motion for a directed verdict in his favor.

*By the Court.*—The judgment is reversed, with directions to the circuit court to dismiss the complaint.